JiWILLIAMS, Judge.
The claimant, Clarence L. Wilson, filed this action, seeking workers’ compensation benefits from the defendants, Bewley’s Furniture Company and its worker’s compensation insurer, Louisiana Retailers Association. After a trial, the hearing officer denied the claimant’s demand for disability benefits, but awarded him up to $750 in medical benefits at the defendants’ expense. The defendants appeal from that part of the judgment which awarded the claimant medical benefits. The claimant has answered the appeal, reasserting his demand for disability benefits. For the following reasons, we reverse in part and affirm in part.
FACTS
In October 1991, the claimant, Clarence Wilson, a healthy forty-four-year-old male, began working for the defendant, Bewley’s Furniture Company. He eventually became a delivery helper assigned to Truck No. 11.
Truck No. 11 had a broken bench seat that needed repairs. The bottom of the seat on the passenger’s side was sunken-in, and the back support portion was slanted backward. In addition, the truck had poor shock absorbers.
One morning in October 1991, while the claimant was riding in Truck No. 11, the driver, Leroy Capers, drove the truck through a pothole. This incident caused the claimant to bounce off the broken seat and almost hit the roof of the truck. He absorbed the shock from the impact with the seat through his body and immediately began feeling pain in his lower back. However, at that time, he did not require any medical *642 attention, and he did not file a formal accident report. Instead, he continued working.
During the months following this incident, the claimant remained assigned to Truck No. 11, except for a few short periods when he was assigned to work in the warehouse. He helped make deliveries in the Ark-La-Tex area and, on average, rode in the truck approximately six hours a day. Each time he rode in the truck, he experienced a constant jarring, and his back pain gradually worsened. Finally, on March 12, 1992, approximately five months after the initial incident, his symptoms became so severe that he quit working for the defendant.
_jjThe claimant still did not seek medical attention after he quit his job. He testified that he did not see a physician because he did not want medical treatment from LSU-MC, and he could not afford to pay for medical care elsewhere. Eventually, however, on April 2, 1992, the claimant decided to go to LSU-MC for medical treatment. Eight days later, the claimant filed a claim for compensation with the State of Louisiana, Department of Labor, Office of Workers’ Compensation, seeking to recover disability and medical benefits.
DISCUSSION
In their first assignment of error, the defendants contend the hearing officer erred in finding that the claimant met his burden of proving he suffered a work-related accident. The essence of their argument is that the claimant presented insufficient evidence to prove his claim.
The legislature has defined the term “accident,” as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” LSA-R.S. 23:1021(1). In a worker’s compensation action, the claimant bears the burden of establishing a work-related accident by a preponderance of the evidence. Bruno v. Harbert Intern. Inc., 593 So.2d 357, 361 (La.1992). Whether the claimant discharges this burden is a factual determination not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Id.
In the instant case, the claimant introduced lay testimony and medical records to prove he sustained a work-related accident. He testified that his work-related accident occurred in October 1991. After describing how the accident occurred, he described his injury as “just a pain that happened” in his back and shoulders. He acknowledged that he did not require medical care at the time of the accident and was able to continue working. He further stated that his back pain gradually worsened each day that he rode in Truck No. 11, until he was finally unable to continue working. Notwithstanding his testimony |3about pain, the claimant did not introduce any testimony concerning objective findings of injury that were produced at the time of the accident. See Barton v. Wausau Ins. Co., 545 So.2d 1248, 1252-53 (La.App.2d Cir.1989), and Valley v. American Ins. Co., 510 So.2d 449 (La.App. 3d Cir.1987), writ denied, 514 So.2d 130 (La.1987) (pain is subjective).
Moreover, the claimant did not present any medical testimony at trial and his medical reports do not reflect the extent of his injury at the time of the accident, nor do they show that objective findings of injury were directly produced at the time of the accident. To the contrary, the claimant’s x-ray report shows that on April 2, 1992, approximately six months after the alleged accident, he had a normal lumbar spine; the bodies, disc spaces, pedicies and processes of his thoracolumbar spine were intact, and he had only minimal scoliosis in his lower thoracic spine. The April 24,1992-MRI scan of his lumbar spine was non-diagnostic and, thus, does not corroborate his claim. Further, on May 4, 1992, Dr. Anthony McBride, the claimant’s physician, opined in his report that the claimant had low back pain with no radiculopathy. Dr. McBride stated in his report that he did not suspect any disc herniation or other significant disc pathology. He further stated that the claimant’s condition was, most likely, mechanical back pain with no nerve impingement and that an MRI report would not be helpful unless it revealed degenerative changes.
*643 After reviewing the record, we conclude that the evidence, both lay and medical, even when viewed most favorably in support of the judgment, does not show that a reasonable factual basis exists for the hearing officer’s conclusion that the claimant sustained á work-related accident as defined by the legislature. The claimant did not introduce evidence to prove the requisite element of an objective finding of injury directly produced at the time of the alleged accident. Absent such proof, the hearing officer’s finding is manifestly erroneous. Accordingly, we hold that under the basis of Mr. Wilson’s claim (LSA-R.S. 23:1031), he is not entitled to recover medical expenses or other compensation benefits for his alleged injury. Based on this holding, we find it unnecessary to address the parties’ remaining arguments.
I CONCLUSION
The hearing officer’s judgment awarding the claimant recovery of medical expenses is manifestly erroneous in that the claimant failed to prove that he suffered a work-related accident as defined by the legislature. For that reason, we reverse the part of the judgment awarding medical expense benefits. In all other respects, we affirm. Costs of this appeal are assessed to Clarence L. Wilson and Bewley’s Furniture Company, equally-
REVERSED IN PART; AFFIRMED IN PART.